NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATAN ALEXANDER ORELLANA-ABREGO, AKA Jonatan Alexander Orellana Obrego, | No. 15-72589 |
| Petitioner, | Agency No. A205-726-006 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025**
Pasadena, California

Before: CLIFTON, OWENS, and DE ALBA, Circuit Judges.

Jonatan Alexander Orellana-Abrego, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

dismissing his appeal of the immigration judge's ("IJ") denial of his asylum

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application. As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

*1. Adverse Credibility Determination.* We review for substantial evidence the agency's adverse credibility determination. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under the totality of the circumstances, substantial evidence supports the agency's determination here. *See* 8 U.S.C. § 1231(b)(3)(C); *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

Soon after entering the United States, Orellana-Abrego gave a sworn statement to U.S. Customs and Border Patrol ("CBP") agents that he came seeking employment and that he did not fear return to El Salvador. Orellana-Abrego's statement has sufficient indicia of reliability: (1) CBP agents interviewed Orellana-Abrego in his native language, Spanish; (2) CBP agents placed Orellana-Abrego under oath; (3) CBP agents contemporaneously transcribed the interview; and (4) Orellana-Abrego affirmed the accuracy of the transcription by signing it. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020); *see also Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005).

Orellana-Abrego's sworn statement was inconsistent with his later testimony to an asylum officer and before the agency that he feared return to El Salvador. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing credibility determinations based on inconsistent statements). The IJ gave Orellana-Abrego multiple opportunities to

explain this inconsistency. The IJ then gave a specific and cogent reason for disregarding Orellana-Abrego's various explanations: his demeanor changed when confronted with the CBP statement. *See Dong v. Garland*, 50 F.4th 1291, 1297–98 (9th Cir. 2022) (holding that IJ's reliance on demeanor was a specific and cogent reason for rejecting various explanations of inconsistencies).

The record does not support Orellana-Abrego's argument that the agency cherry-picked evidence because it did not credit his later, consistent testimony. The IJ summarized the evidence and repeated that he considered all the evidence in reaching his decisions; the BIA also summarized Orellana-Abrego's testimony. *See Cruz v. Bondi*, 146 F.4th 730, 739 (9th Cir. 2025) ("[I]f nothing in the record reveals that the agency did not consider all the evidence, a general statement that the agency considered all evidence before it shall suffice."). After considering all the evidence, the agency decided that the inconsistency of Orellana-Abrego's initial statement to CBP agents with his later testimony made that later testimony not credible. Substantial evidence supports the agency's decision. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004) (upholding adverse credibility determination where petitioner affirmatively denied any fear of mistreatment in an initial airport interview then later asserted a fear of return).

*2. Due Process.* The court reviews de novo due process claims arising from removal proceedings. *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020).

3

First, Orellana-Abrego argues that the agency's adverse credibility determination deprived him of an opportunity to have his claim adjudicated. Not so. Orellana-Abrego received a full and fair hearing on the merits of his asylum claim. *See id.* at 1240 ("Due process requires a full and fair hearing, which, at a minimum, includes a reasonable opportunity to present and rebut evidence and to cross-examine witnesses." (internal quotation marks and citations omitted)). When DHS counsel impeached Orellana-Abrego with his inconsistent sworn statement, the IJ continued the hearing to allow Orellana-Abrego time to prepare for redirect. *See Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021) (holding the IJ did not violate due process where he put sufficient safeguards in place to enable petitioner to present evidence in support of his claims for relief). The agency's determination that Orellana-Abrego was not credible after two full hearings is not constitutional error. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) ("Although the IJ showed impatience at times, [the petitioner] had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind.").

Second, Orellana-Abrego argues that the BIA "did not dutifully review this case" because it erroneously stated that Orellana-Abrego feared returning to Mexico instead of El Salvador. While this may be error, Orellana-Abrego fails to demonstrate any prejudice from it. *See Cruz*, 146 F.4th at 742–43 (denying due

4

process claim where petitioner failed to show prejudice).  The BIA's otherwise accurate and detailed summary of the proceedings demonstrates that it considered Orellana-Abrego's case.  *See id.* at 740 (holding a petitioner must "present clear, affirmative evidence that the agency did not review the evidence before it" (internal quotation marks and citations omitted)). Without constitutional error or a showing of prejudice, Orellana-Abrego's due process claim fails.  *See Grigoryan*, 959 F.3d at 1240.

**PETITION FOR REVIEW DENIED**.